Submitted June 23, 2009, reversed and remanded March 3, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE REYES-SANCHEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C052531CR; A136062

227 P3d 1217

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge,* and Brewer, Chief Judge,** and Sercombe, Judge.

---

* Wollheim, P. J., *vice* Edmonds, P. J.

** Brewer, C. J., *vice* Carson, S. J.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant was charged with the burglary, robbery, and murder of Jesse Valero, who was found stabbed to death in her home. Defendant moved *in limine* to offer hearsay statements to show that a third party, Tiffany Scherer, had killed Valero. The trial court excluded that evidence, and defendant was convicted of aggravated murder, ORS 163.095, felony murder, ORS 163.115, first-degree robbery, ORS 164.415, and first-degree burglary, ORS 164.225. On appeal, defendant assigns as error the trial court's rulings on his motions *in limine,* arguing that the hearsay statements were admissible under the Oregon Evidence Code or, alternatively, as a matter of due process under the United States Constitution.

In *State v. Cazares-Mendez,* 233 Or App 310, 227 P3d 172 (2010), this court reversed the convictions of one of defendant's alleged coperpetrators, Cazares-Mendez, who was tried separately. Like defendant, Cazares-Mendez sought to introduce hearsay statements to demonstrate that Scherer was the murderer. Cazares-Mendez called the same witnesses as defendant and adduced essentially the same hearsay testimony. The trial judge, who had previously presided over defendant's trial, excluded the hearsay statements, and Cazares-Mendez was convicted of aggravated murder, burglary, and robbery.

On appeal, Cazares-Mendez argued that the exclusion of reliable, exculpatory hearsay evidence violated his right to a fundamentally fair trial under the Due Process Clause of the Fourteenth Amendment to the United States Constitution,[1] as interpreted by the Supreme Court in *Chambers v. Mississippi,* 410 US 284, 93 S Ct 1038, 35 L Ed 2d 297 (1973). We agreed with that constitutional argument, explaining that the excluded hearsay testimony was indeed reliable and met the "requisites for admissibility under *Chambers,* and the trial court, by excluding that evidence, denied defendant 'a trial in accord with traditional and fundamental standards of due process.'" *Cazares-Mendez,* 233 Or App at 336 (quoting *Chambers,* 410 US at 302).

---

[1] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

The only material distinction between the two cases—and it is a significant one—is that Cazares-Mendez preserved his federal due process argument. Defendant, in contrast to Cazares-Mendez, relied exclusively on the Oregon Evidence Code in his motions *in limine* and arguments to the trial court; he did not mention due process or *Chambers*. Nonetheless, we conclude that defendant's convictions should be reversed based on error apparent on the face of the record. ORAP 5.45(1) ("the appellate court may consider an error of law apparent on the face of the record"). Defendant raises evidentiary issues that are factually and legally indistinguishable from those in *Cazares-Mendez*, and in light of our decision reversing the convictions of defendant's alleged coperpetrator, the trial court's exclusion of the same exculpatory evidence in this case is plainly erroneous. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (error is determined based on "the law existing at the time the appeal is decided"). Moreover, the ends of justice strongly militate in favor of this court exercising its discretion to correct the error. If we were to cling staunchly to our preservation requirements in this case, defendant would stand convicted of Valero's murder, sentenced to life in prison, after being denied a fundamentally fair trial; meanwhile, his alleged coperpetrator would have the opportunity to exonerate himself by presenting evidence that a third party, Scherer, committed the murder for which defendant was convicted. In light of the fundamental unfairness of that prospect, we exercise our discretion to correct the plain error in this case.[2]

Reversed and remanded.

---

[2] Because we reverse and remand for a new trial, we need not reach defendant's remaining assignments of error regarding merger of his convictions.